Fnu MOELJONO, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 06–4176.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 14, 2008.

Filed: April 14, 2008.

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

Richard M. Evans, Lyle D. Jentzer, Christina B. Parascandola, Kevin J. Conway, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, JORDAN and ALARCÓN,* Circuit Judges.

## OPINION

SLOVITER, Circuit Judge.

Fnu Moeljono petitions for review of an order of the Board of Immigration Appeals

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

("BIA") affirming the decision of the Immigration Judge (IJ), denying him withholding of removal and protection under the United Nations Convention Against Torture (CAT). For the following reasons, we will deny Moeljono's petition for review.

## I.

Moeljono is a citizen of Indonesia of Chinese ethnicity, who arrived in the United States as a non-immigrant visitor on June 8, 2001, with authorization to stay through December 7, 2001. His stay was extended to June 7, 2002, but he remained in the United States beyond that date. After he received a Notice to Appear before an IJ, Moeljono filed an application for asylum and withholding of removal. Moeljono's application was based on his race and religion. He alleged that because of his Chinese ethnicity he had been harassed by schoolchildren when he was young, and was charged higher than normal fees for an identification card. He also cited fears of persecution based on the Indonesian riots of 1998 that targeted Chinese citizens and business owners, leading to the closure of stores owned by his relatives and the burning of churches in Chinese neighborhoods.

At the immigration hearing, Moeljono acknowledged that he exceeded the one-year deadline to apply for asylum, and requested that the application be considered as seeking relief from withholding of removal and protection under the CAT. After hearing Moeljono's testimony that he feared the aforementioned incidents in Indonesia, the IJ denied Moeljono's application, concluding that he presented no evidence that established a clear probability of persecution or the likelihood of torture.

On appeal, the BIA adopted and affirmed the IJ's decision.

## II.

We review withholding of removal and CAT claims under the substantial evidence standard and do not disturb the IJ's credibility determination and findings of fact if " 'supported by reasonable, substantial and probative evidence on the record considered as a whole.' " *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir.2003) (quoting *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir.1998)).

An alien may not be removed to the designated country "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Withholding of removal requires a "clear probability" of persecution. *Toussaint v. Attorney Gen.*, 455 F.3d 409, 413 (3d Cir.2006). The petitioner has the burden of demonstrating that persecution will be "committed either by the government or by forces that the government is either unable or unwilling to control." *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir.2003). Where violence is "primarily wrought by fellow citizens and not the result of governmental action or acquiescence," there is no pattern of persecution sufficient to support the granting of withholding of removal. *Lie v. Ashcroft*, 396 F.3d 530, 537–38 (3d Cir.2005) (holding that evidence of anti-Chinese violence in Indonesia did not support the petitioner's claim that persecution would result from removal). Similarly, to obtain relief under the CAT, a petitioner must establish that "it is more likely than not" that s/he will be tortured[1] upon removal to the designated

---

1. The definition of torture can be found at 8 C.F.R. § 1208.18(a)(1).

country.  *Sevoian v. Ashcroft,* 290 F.3d 166, 174–75 (3d Cir.2002).

## III.

Moeljono failed to carry his burden of demonstrating a clear probability of persecution or the likelihood of torture.  His allegations of harassment as a school-aged child do not substantiate his claims; nor does reference to the generalized animosity toward ethnic Chinese in Indonesia suggest a clear probability of persecution.  To that end, the IJ correctly applied our precedent in *Lie,* concluding that such discrimination did not necessitate withholding of removal or protection under the CAT.  Moeljono also points to the riots of 1998 which led to the closure of his family's businesses to support his petition.  This evidence failed to establish an individualized risk of persecution, nor did it prove any act of the government that could potentially give rise to the need for protection under the CAT.  *See Abdille v. Ashcroft,* 242 F.3d 477, 492–95 (3d Cir.2001).  Therefore, the IJ did not err in concluding that Moeljono had not established the evidence necessary for a grant of withholding of removal or protection under the CAT.

## IV.

We conclude that substantial evidence supports the IJ's denial of removal of withholding and protection under the CAT. Accordingly, we deny the petition for review.